# EXHIBIT 1

Case 4:21-cv-03006   Document 1-1   Filed on 09/15/21 in TXSD   Page 2 of 9

7/5/2021 8:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55049221
By: D Burton
Filed: 7/6/2021 12:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| VIGILANT INSURANCE COMPANY<br>as subrogee of Sumisho Global Logistics (USA) Corp.<br>    Plaintiff, | § § § § § | IN THE DISTRICT COURT |
| v. | § § § | \_\_\_\_\_ JUDICIAL DISTRICT |
| NS UNITED KAIUM KAISHA, LTD., GENERAL STEAMSHIP CORPORATION LTD, BENNETT MOTOR EXPRESS LLC, AND AMERICAN EAGLE LOGISTICS, LLC<br>    Defendants | § § § § § § § | HARRIS COUNTY, TEXAS |

**ORIGINAL PETITION AND REQUEST FOR DISCLOSURES**

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW, Plaintiff Vigilant Insurance Company, as subrogee of Sumisho Global Logistics (USA) Corp., complaining of Defendants NS United Kaium Kaisha, Ltd., General Steamship Corporation Ltd, Bennett Motor Express LLC, and American Eagle Logistics, LLC, and for its causes of action would respectfully show the Court as follows:

**I.
DISCOVERY CONTROL PLAN**

1.      Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery pursuant to Discovery Control Plan Level 2.

2.      Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees. Tex. R. Civ. P. 47(c)(1).

**EXHIBIT 1**

## II.
## PARTIES

3.  Plaintiff, Vigilant Insurance Company, is a foreign corporation duly organized and existing under the laws of the State of New York, whose principal place of business is located at 55 Water Street, New York, NY 10041. At all times material hereto, Plaintiff was authorized to engage in the business of insurance in the State of Texas and provided insurance coverage to Sumisho Global Logistics (USA) Corp. ("Insured") covering, among other things, a seamless carbon steel line pipe (the "Insured Pipe").

4.  Defendant NS United Kaium Kaisha, Ltd. is a foreign corporation duly organized and existing under the laws of the Country of Japan, whose principal place of business is located at Otemachi First Square West Tower 21F, 22F, 5-1, Otemachi 1-chome, Chiyoda-ku, Tokyo 100-8108, Japan. **Issuance of Citation is requested.**

5.  Defendant General Steamship Corporation Ltd is a California corporation with its principal place of business located at c/o CT Corporation System, 811 Dallas Street, Houston, TX 77002. Defendant General Steamship Corporation Ltd may be served with process by serving its Registered Agent in the State of Texas, CT Corporation System at its registered office 811 Dallas Street, Houston, TX 77002. **Issuance of Citation is requested.**

6.  Defendant Bennett Motor Express LLC is a Georgia limited liability company with its principal place of business located at 1001 Industrial Parkway, McDonough, GA 30253. Defendant Bennett Motor Express, LLC may be served with process by serving its Registered Agent in the State of Texas, Corporation Service Company at its registered office 211 E. 7th Street, Suite 620, Austin, TX 78701. **Issuance of Citation is requested.**

7. Defendant American Eagle Logistics, LLC is a Louisiana limited liability company with its principal place of business located at 1247 Petroleum Parkway, Broussard, LA 70518. Defendant American Eagle Logistics, LLC may be served with process by serving its Registered Agent in the State of Texas, National Registered Agents, Inc. at its registered office 1999 Bryan Street, Suite 900, Dallas, TX 75201. **Issuance of Citation is requested.**

### III.
### VENUE

8. Venue is proper in Harris County under §15.002(a)(1) of the Texas Civil Practice & Remedies Code. All or substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Harris County, Texas. Further, Defendant's acts or omissions were the proximate cause and/or producing cause of Plaintiff's damages, which arise from property damage. As a proximate result of the incident made the basis of this suit, Plaintiff incurred damages in an amount which is $100,000 or less, inclusive of damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees.

### IV.
### BACKGROUND FACTS

1. At all times relevant to this suit, the Insured owned the Insured Pipe.

2. At all times relevant to this suit, Plaintiff insured the Insured Pipe.

3. At all times relevant to this suit, Defendants operated international shipping businesses that transported goods by sea to their destinations.

4. Prior to July 6, 2020, the Insured engaged the Defendants' services to transport the Insured Pipe from Wakayama, Japan to Houston, Texas. While in transit to Houston, Texas, sixty (60) of the Insured Pipe's joints were damaged and three (3) of the Insured Pipe's joints were contaminated. The damage was discovered on or about July 6, 2020, in Houston, Texas.

5. Defendants failed to safely and securely transport the Insured Pipe from Wakayama, Japan to Houston, Texas.

6. Defendants proximately caused the damages to the Insured Pipe in the amount of $45,000.00.

7. Plaintiff has compensated its Insured for its loss and is subrogated to that amount and is suing for that amount.

## V.
## CAUSES OF ACTION

**COUNT 1 - VIOLATION OF THE CARRIAGE OF GOODS BY SEA ACT (COGSA)**

8. Plaintiff pleads, restates and realleges the previous paragraphs above, as if set forth fully herein, and would further show the Court as follows:

9. At all times material hereto under the Carriage of Goods by Sea Act, Defendants owed a duty to the Insured to (1) make the ship seaworthy, (2) properly man, equip, and supply the ship, and (3) after receiving the goods into his charge issue a bill of lading that identifies the goods, the goods' number or weight, and the apparent order and condition of the goods, ... (5) indemnify the carrier against all loss, damages, and expenses arising or resulting from inaccuracies in such particulars... See 46 USC 30701.

10. The Insured delivered the Insured Pipe to Defendants in good order and condition.

11. When the Insured Pipe arrived at its destination, it arrived in a damaged condition with sixty (60) joints damaged and three (3) joints contaminated.

12. The cost of repairs to the Insured Pipe is $45,000.00.

13. Defendants directly and proximately caused Plaintiff's damages in the amount of $45,000.00.

## COUNT II: NEGLIGENCE

14. Plaintiff pleads, restates and realleges the previous paragraphs above, as if set forth fully herein, and would further show the Court as follows:

15. Defendants transported the Insured Pipe from Wakayama, Japan to Houston, Texas. At all times material hereto under the Carriage of Goods by Sea Act, Defendants owed a duty to the Insured to (1) make the ship seaworthy, (2) properly man, equip, and supply the ship, and (3) after receiving the goods into his charge issue a bill of lading that identifies the goods, the goods' number or weight, and the apparent order and condition of the goods, … (5) indemnify the carrier against all loss, damages, and expenses arising or resulting from inaccuracies in such particulars... See 46 USC 30701. Defendants breached those duties by, among other things:

    a. failing to safely transport the Insured Pipe;

    b. failing to properly secure the Insured Pipe;

    c. failing to recognize that Insured Pipe was not safely transported;

    d. failing to recognize the Insured Pipe was not properly secured;

    e. failing to hire and/or employ competent agents, servants, employees, vendors, contractors, or subcontractors to secure and transport the Insured Pipe;

    f. failing to properly, adequately, and safely supervise, train, and instruct in the activities of its agents, servants, employees, vendors, contractors, or subcontractors during the work necessary to secure and safely transport the Insured Pipe;

    g. failing to act as a reasonable person would under the same or similar circumstances; and

    h. otherwise failing to use due care under the circumstances.

16. Each of the above-referenced acts and/or omissions, singularly or in combination

with others, constituted negligence on the part of Defendants and/or their employees, which proximately caused the damages to the Insured Pipe. Defendants' and/or their employees' breach of their duties to the Insured constitutes negligence, which directly and proximately caused Plaintiff's damages in the amount of $45,000.00.

## COUNT III: BREACH OF CONTRACT

17. Plaintiff pleads, restates and realleges the previous paragraphs above, as if set forth fully herein, and would further show the Court as follows:

18. Just prior to July 6, 2020, Plaintiff and Defendants executed a written contract for Defendants to safely and securely transport the Insured Pipe from Wakayama, Japan to Houston, Texas.

19. Plaintiff is a proper party to sue for breach of contract as Plaintiff is a party to the contract.

20. Plaintiff has performed its obligations under the contract.

21. Defendants, however, did not perform its contractual obligations. Specifically, Defendants delivered the Insured Pipe in a damaged state.

22. Defendants' breach of the contract caused the damages sustained by Plaintiff in the amount of $45,000.00.

## VI.
## RESERVATION OF RIGHTS

23. Plaintiff specifically reserves the right to bring additional causes of action against Defendant and others, and to amend this Petition as necessary, pursuant to the Texas Rules of Civil Procedure.

## VII.
## REQUEST FOR DISCLOSURE

24. Plaintiff hereby requests that Defendant respond to the Request for Disclosure in Tex. R. Civ. Proc. 194 within the time set forth by said Rule.

## VII.
## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that NS United Kaium Kaisha, Ltd., General Steamship Corporation Ltd, Bennett Motor Express LLC, and American Eagle Logistics, LLC be served with this Original Petition in the manner prescribed by law, be cited to appear and to answer herein, and that upon final hearing, enter judgment in favor of Plaintiff and against Defendants in an amount which is $100,000 or less, for compensatory damages and/or economic damages, including but not limited to, damages for repair to real and personal property, costs of court, pre- and post-judgment interest at the highest rate allowed by law, and for such other relief to which Plaintiff is entitled.

Respectfully submitted,

**HARDESTY LAW OFFICE, PLLC**

/s/ Rwan S. Hardesty
**Rwan S. Hardesty**
State Bar No. 24066771
**Timothy J. Hardesty**
State Bar No. 24061046
107 S. 4th Street
Midlothian, Texas 76065
(469) 336-5227 (Telephone)
(214) 594-8785 (Facsimile)
rhardesty@hardestylawoffice.com
thardesty@hardestylawoffice.com
*Attorneys for Plaintiff Vigilant Insurance Companya/s/o Sumisho Global Logistics (USA) Corp.*